```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X
UNITED STATES OF AMERICA,
                                         MEMORANDUM AND DECISION
         -against-                       CR-06-828 (DRH)

SHAWNTEEK EVANS,

              Defendant.
------------------------------X
A P P E A R A N C E S:

For the Government:
     Roslynn R. Mauskopf
     United States Attorney
     Eastern District of New York
     100 Federal Plaza
     Central Islip, New York 11722
        By: Manu Chadda, A.U.S.A.

For Defendant:

     Federal Defender Division
     460 Federal Plaza
     Central Islip, New York 11722
        By: Tracey L. Eadie Gaffey, Esq.
```

HURLEY, Senior District Judge

Shawnteek Evans ("defendant") has moved for the following items of relief: (1) suppression of an incriminating statement made to law enforcement; (2) an order directing discovery as required under the Federal Rules of Criminal Procedure and pursuant to the constitutional requirements found in Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), and United States v. Agurs, 427 U.S. 97 (1976); (3) an order precluding the government from offering into evidence audio recordings and a compact disc on the grounds they are inaudible and lack sufficient clarity respectively; and

(4) an order directing the government to identify the confidential informant and make him available for a pretrial interview by the defense should the government elect not to call him as a witness at the trial. These applications will be addressed in turn.

1. Statement Made to Law Enforcement

Defendant, in his Declaration submitted in support of his present applications, states: "In the precinct I was questioned before I was ever given Miranda warnings. I made a statement in response to questioning." (Evans Decl., ¶ 3.) According to the government, however, defendant declined to "provide a statement or answer any questions" following his arrival at the Narcotics Vice Squad (which, presumably, is the "precinct" referenced in defendant's Declaration. (Gov't's Mem. Opp'n at 6.) Nonetheless, the government does maintain that defendant made a spontaneous incriminating statement during the trip to the Narcotics Vice Squad.

Given that the government does not intend to offer at trial any statement made by defendant at the Narcotics Vice Squad, as distinct from the statement supposedly made during the trip to that location, it is unclear whether a factual dispute exists necessitating a hearing. Accordingly, the defendant is directed to supplement his Declaration if he disputes the government's rendition of how the incriminating statement that

the prosecution will seek to introduce at trial was obtained. Of course, if he does take issue with that assertion by the government, then a <u>Miranda</u> hearing shall be conducted.

2. <u>Discovery Pursuant to Federal Rules of Criminal Procedure</u>

In the first full paragraph on page 3 of the Declaration of Tracey L. Eadie Gaffey, Esq., is a list of items which the defense seeks from the government, including "copies of any 'buy money' used in this case," and "disclosure of any identification procedure" utilized. It is not entirely clear to me from Ms. Gaffey's and the government's submissions, which of the requested items, if any, have already been furnished, and as to those which have not been furnished, the statutory and/or decisional law underlying the request for an order of production. However, rather than delay matters unnecessarily via the solicitation of additional submissions from counsel, this subject shall be orally addressed and decided at the next Court appearance, i.e. at 10:30 a.m. on July 26, 2007.

3. <u>Audio Recordings and Compact Disc Recording</u>

A hearing will be held before me beginning at 10:30 a.m. on July 26, 2007 concerning the captioned matter. At that time, the government should be prepared to play the audio recordings and compact disc for the Court at which time the Court will determine, after listening to the arguments of counsel, whether, and to what extent, those items may be presented for the

jury's consideration. See generally, United States v. Arango-Correa, 851 F.2d 54, 58 (2d. Cir. 1988).

4.  Identity of Confidential Informant

As noted, the defense asks for the name of the confidential informant to whom defendant is alleged to have sold the controlled substance which is the subject of one of the two counts of the indictment, and to make that individual available for an interview by the defense "in the event the government elects not to call him as a witness at trial." (Gaffey Decl., ¶ 1.) Proceeding in reverse order, the government indicates that the confidential informant will be called at trial as a prosecution witness. As a result, the government reports that "the defense will receive identifying and other information about the informant before trial." (Gov't's Mem. Opp'n at 15.) Absent from the defendant's papers is any indication that earlier disclosure is essential to the defense. And, of course, the mere fact that the informant was a participant in the crime charged, standing alone, is insufficient to mandate disclosure. See United States v. Saa, 859 F.2d 1067, 1073 (2d. Cir. 1988).

It also warrants mention that the government contests the defense's view that the audio recordings and the compact disc should be declared inadmissible as essentially unintelligible. A resolution of that issue possibly will place the defendant's request for the name of the confidential informant now, as

distinct from closer to trial, in clearer focus.  On the information presently before the Court, the Court declines to order the government to produce the confidential informant's identity at this time, subject to the issue being revisited following the aforementioned hearing.

The defendant is directed to file a supplemental Declaration regarding his request for a <u>Miranda</u> hearing on or before July 20, 2007.  Assuming that such Declaration cures the previously noted deficiency in his present Declaration, a <u>Miranda</u> hearing will also be conducted on the July 26, 2007 Court date.

SO ORDERED.

Dated: July 3, 2007
      Central Islip, New York


                                         _____/S/_____
                                         DENIS R. HURLEY, U.S.D.J.